UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY ROJAS, | ) | CASE NO. CV 13-4113 JFW (RZ) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| LOS ANGELES COUNTY JAIL, et al., | ) | |
| Defendants. | ) | |

The *pro se* and *in forma pauperis* plaintiff, Johnny Rojas, commenced this civil rights action on June 17, 2013.  He alleges that when he was at Los Angeles County jail in December 2012, a guard named By-bee used excessive force against him, and that, thereafter, his medical needs were neglected.  Due to the following pleading flaws, the Court will dismiss the complaint with leave to amend.

## I.

## SCREENING OF *IN FORMA PAUPERIS* COMPLAINTS

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*.  *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally).  The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous

1   or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks
2   monetary relief from a defendant who is immune from such relief."   28 U.S.C.
3   § 1915(e)(2)(B).

4

5                                        **II.**
6               **NO VICARIOUS LIABILITY IN CIVIL RIGHTS ACTIONS**

7               Plaintiffs alleging civil rights violations by public officials often add those
8   officials' superiors as defendants.  But such supervisory officials are not liable vicariously
9   for a constitutional deprivation committed by their subordinates, unless (1) the supervisor
10  personally participated in the deprivation or (2) there is a sufficient causal connection
11  between the supervisor's wrongful conduct and the constitutional violation.  *Jeffers v.*
12  *Gomez*, 267 F.3d 895, 915-16 (9th Cir. 2001).

13              Plaintiff runs afoul of this rule not by suing By-bee, who allegedly used
14  excessive force himself against Plaintiff, but by suing the following additional defendants
15  based solely on By-bee's position as a subordinate:

16  *       "Sheriff Lee Baca," sued because "Officer By-bee is employed by the L.A. County
17          Sheriff's Dept."  Comp. at 3;

18  *       "Los Angeles County Sheriff's Dept.," sued for the same reason.  *Id.*; and

19  *       "Los Angeles County Jail," sued because "[t]his is where the inmate was assaulted
20          by the officer/ where the misconduct happened."  *Id*. at 4.[1]

21  The Court thus cautions Plaintiff that, unless he can satisfy *Jeffers* in an amended
22  complaint, he must omit such supervisory defendants from the action or suffer another
23  dismissal and, thus, further delays – and possibly the dismissal of the action itself.

24  _____

25      [1]  In addition, unlike the county itself and its sheriff's department, a California county *jail* is
26  not a suable entity.  *Compare Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct.
    2018, 56 L.Ed.2d 611 (1978) *and Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir.
27  2001) *with Dennison v. Lane*, 2007 WL 2221022, at *3 (N.D. Cal. 2007) (dismissing claim against
    California county's "corrections facilities" with leave to amend, because such facilities were not
28  suable entities).

**III.**

**CLAIMS MUST BE SEPARATELY STATED –**

**AND MUST CITE A FEDERAL LEGAL BASIS**

Plaintiff mistakenly includes two legally distinct claims under the single heading of Claim 1, namely his excessive force claim against By-bee and a claim of "Denial of Medical Attention" in the aftermath of the incident.  Plaintiff must state his claims separately, each identifying a discrete alleged violation of the Constitution or other law.  FED. R. CIV. P. 10(b) ("Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.").  As the Ninth Circuit has explained, separating the complaint into discrete, readily-identifiable claims serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

Should Plaintiff choose to amend his complaint, then he must assert separately-captioned claims, with each stating –

(1)     the specific federal law or tort provision allegedly violated, *e.g.*, the right not to be subjected to Cruel and Unusual Punishment under the Eighth Amendment;

(2)     the specific events and other facts that give rise to, and that make out a prima facie case of, *that specific claim*; and

(3)     which of the numerous defendants he targets in that specific claim.

///

///

///

**IV.**

**FLAWS IN PLAINTIFF'S "DENIAL OF MEDICAL ATTENTION" CLAIM**

As noted immediately above, Plaintiff wishes to assert a claim based on a denial of medical attention after By-bee struck him.  The Court notes two additional problems with this claim as currently pleaded.  First, Plaintiff currently fails to state a valid federal civil rights claim for what is called "deliberate indifference" to serious medical needs.  It is insufficient for him to allege, as he thus far has done, only that an amorphous "jail medical department" "deni[ed] [him] medical attention."  Comp. at 5.  Thus far, he is describing mere negligence.  To state a federal (as opposed to state tort) claim, Plaintiff must competently allege that one or more persons were both (1) subjectively aware of his serious medical needs and (2) responded in a deliberately indifferent manner.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (mere negligence in diagnosing or treating a prisoner's medical condition does not constitute deliberate indifference); *see also Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (same standard applies to pretrial detainees).  Of course, Plaintiff may not simply recite such allegations in any amended complaint without a sound basis for them.

Second, Plaintiff has not targeted a valid defendant on this claim.  He  sues the "Los Angeles County Jail Medical Department."  As noted in section II, however,  the jail is not a suable entity.  If Plaintiff knows or has a sound basis for believing that one or more *individuals* employed at the jail were deliberately indifferent to his serious medical needs after By-bee's attack, then he must include them as defendants.  (If he does not know such persons' names, then he may sue them as John or Jane Does, although he must describe such Does adequately to permit their identification, e.g., "Jane Doe #1, a white female, was the nurse on duty in my section of the jail at 1:00 a.m. on December 9, 2012.")  He also must allege, as noted in section III above, how such persons subjectively knew that Plaintiff had serious medical needs and how their actions or omissions, after they realized Plaintiff's needs, demonstrated their deliberate indifference.

# V.

## CONCLUSION

Based on the foregoing, the complaint hereby is DISMISSED, and leave to amend is granted.  More specifically, Plaintiff has three options:

(1)  **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order.  To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.  The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2)  **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order.  If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above.  *See Edwards v. Marin Park*, *Inc*., 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3)  **Plaintiff may do nothing** in response to this Order.  If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order.  *See id.*

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED:   June 21, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE